FILED
2026 Aug-26 AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS BENSON,**<br>*as the Administrator of the Estate of Brian Benson*,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALABAMA POWER COMPANY,**<br><br>**Defendant.** | } | **Case No. 2:23-cv-746-ACA** |

# MEMORANDUM OPINION

After Brian Benson drowned while fishing in water below the RL Harris Dam, Thomas Benson filed this lawsuit as the administrator of Brian's estate.[1] The complaint asserts only state law tort claims. Although no federal cause of action appeared on the face of the complaint, Defendant Alabama Power removed the action to this court asserting federal question jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). But because Alabama Power did not satisfy its burden of establishing a disputed, substantial federal issue, the court **WILL REMAND** this action to the Circuit Court of Jefferson County, Alabama.

---

[1] The court refers to Brian Benson and Thomas Benson by their first names to avoid confusion.

## I. BACKGROUND

In February 2021, Brian was fishing below the RL Harris Dam.[2] (Doc. 1-1 at 4 ¶¶ 5–6). While he was in the water, Alabama Power, who owns and operates the dam, released a substantial amount of water. (*Id.* ¶ 8). The water overtook Brian, and he drowned. (*Id.*). Thomas filed this lawsuit against Alabama Power and ten fictitious defendants asserting only state law claims. (*Id.* at 2–10).

Alabama Power removed the action to federal court. (Doc. 1). Although the parties are not diverse and Thomas did not assert a federal cause of action, Alabama Power stated that the court had jurisdiction under the Federal Power Act, 16 U.S.C. § 825p ("FPA"), because Thomas seeks to impose liability relating to Federal Energy Regulatory Commission ("FERC") licensing violations. (*Id.* at 5–14). The action proceeded through discovery, and Alabama Power moved for summary judgment. (*See* doc. 28). The case was then reassigned to the undersigned, and the court ordered Alabama Power to show cause why it should not remand this action for lack of subject matter jurisdiction. (Doc. 40). Alabama Power timely responded. (Doc. 41).

## II. DISCUSSION

Federal courts are of limited jurisdiction and have an independent obligation to "inquire *sua sponte* whenever a doubt arises as to the existence of federal

---

[2] Although not the operative complaint, the court recites the facts alleged in the state court complaint because jurisdiction is measured at the time of removal. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir.1998).

jurisdiction." *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1193 (11th Cir. 2020) (quotation marks omitted). A defendant may remove only a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To have original jurisdiction, the court generally must have diversity or federal question jurisdiction. *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155 (11th Cir. 2024). A removing defendant bears the burden of establishing federal jurisdiction, and any doubts should be resolved in favor of remand. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

The existence of jurisdiction is measured at the time of removal, and when the defendant removes the action based on federal question jurisdiction, the court is limited to the "the well-pleaded complaint alone." *Id.* at 1294–95. Federal question jurisdiction exists in two situations: when federal law creates the cause of action and when a state law cause of action "requires resolution of a substantial question of federal law in dispute between the parties." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (quotation marks omitted). Because the complaint brings only state law claims, Alabama Power relies on the second situation. (Doc. 1 at 5–14). But this situation, known as *Grable* jurisdiction, is a "slim category" which "is successfully trod very rarely." *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252–53 (11th Cir. 2025); *see Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314.

Under *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Because Alabama Power did not satisfy its burden to show the existence of any disputed, substantial federal issue, the court does not address the other elements. And in doing so, the court addresses only Alabama Power's arguments that were not considered in the court's order to show cause. (*See* doc. 40).

1. Alabama Power did not carry its burden to show a disputed federal issue.

Alabama Power contends the disputed federal issue is whether a FERC-approved safety plan "supplies the complete standard of care for" a FERC-licensed dam operator. (Doc. 41 at 8–9). The complaint alleges that Alabama Power had a duty to "enforce reasonable safety standards, above and beyond the minimum standards of [FERC]." (Doc. 1-1 at 5 ¶ j). As Alabama Power notes, state law would necessarily provide any higher standard of care. (*See* doc. 41 at 11–12 (arguing that allowing "safety standards beyond FERC's approved standards, may become subject to heightened and nonuniform state-law standards of care"). So, contrary to Alabama Power's contention that the complaint asserts FERC "should have required more" (doc. 41 at 9), the issue is whether Alabama Power had a state law duty "above and beyond" FERC's requirements—in other words, whether Alabama law provides an

additional standard of care higher than FERC's requirements. That inquiry is not a disputed federal issue because "[n]o substantial question of federal law must be answered to determine plaintiff's claims." *Diaz*, 85 F.3d at 1505.

The proper inquiry under *Grable* is whether there is a dispute as to the effect of the relevant federal issue. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006) (noting that *Grable*'s dispute focused on whether an agency's action satisfied the requirements of federal law); *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 305 (4th Cir. 2016); *cf. Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185 (9th Cir. 2022) (finding a disputed federal issue when the plaintiff alleged the defendants' operation of a dam violated federal laws and the Supremacy Clause). Here, no one disputes the Federal Power Act's requirements, implemented through FERC licensing.

Although not framed as such, Alabama Power's response is based largely on preemption principles. (*See* doc. 41 at 7, 10–12, 17; *see also* doc. 1 ¶ 25). For example, Alabama Power heavily relies on *Simmons v. Sabine River Authority*, a preemption case that does not address *Grable* jurisdiction. *See* 732 F.3d 469, 473–77 (5th Cir. 2013) ("FERC, not state tort law, must set the appropriate duty of care for dam operators."); (doc. 41 at 10–12). To the extent Alabama Power argues that jurisdiction is proper because the Federal Power Act preempts any state law duty "above and beyond" FERC's requirements, preemption is an affirmative defense.

*Geddes v. Am. Airlines*, Inc., 321 F.3d 1349, 1352–53 (11th Cir. 2003); (*see* doc. 6 at 5 (asserting preemption as an affirmative defense)). And affirmative defenses cannot establish federal question jurisdiction. *Schleider*, 121 F.4th at 166–67. For these reasons, and the reasons identified in the court's order to show cause (doc. 40), there is no disputed federal issue.

2. <u>Alabama Power did not satisfy its burden to establish a substantial federal issue.</u>

Even if a disputed federal issue existed, it is not substantial. Whether the federal issue is substantial "looks . . . to the importance of the issue to the federal system as a whole"—not the importance to the parties. *Gunn*, 568 U.S. at 260. The Eleventh Circuit has "recognized three factors that assist in deciding substantiality": (1) whether the issue is a pure question of law, (2) whether the issue "will control many other cases," and (3) whether "the government has a strong interest in litigating in a federal forum." *AST & Sci. LLC*, 143 F.4th at 1253 (quotation marks omitted).

First, the case does not involve a pure issue of federal law. Alabama Power argues that the FERC license authorized the dam operations, so "claims of wrongful dam operation necessarily depend on the duties, obligations, and standards FERC imposes on its licensees under the FPA." (Doc. 41 at 11). Yet this argument does not explain how this case presents a pure legal question. The complaint alleges that Alabama Power failed to comply with the regulation outlined by its FERC license. (Doc. 1-1 at 5 ¶ 10). As explained in the court's order to show cause, there is no

dispute over the FERC license's requirements, making this allegation a factual inquiry into whether Alabama Power complied with those requirements. (Doc. 40 at 7–8); *see Adventure Outdoors, Inc.* 552 F.3d at 1300 (finding no substantial federal issue when the federal law's requirements were clear). To the extent that Alabama Power relies on the complaint's allegation that it should have taken actions "above and beyond" FERC's requirement, the court has already explained that whether state law or federal law applies is not the proper inquiry. Accordingly, there is no pure legal question.

Second, to establish that these issues will control many other cases, Alabama Power argues that remanding this case "would allow state courts to second guess FERC's actions and requirements" and that this may subject dam operators to "non-uniform state-law standards of care." (Doc. 41 at 11–12). These arguments again focus on whether state or federal law control and do not address how any *federal* issue presented in this case would control many other cases.

Third, Alabama Power does not explain why any "strong government interest" requires a federal forum. *See Adventure Outdoors, Inc.*, 552 F.3d at 1300. As Alabama Power argues, the federal government has a strong interest "in maintaining control over [the] engineering, economic and financial soundness of FERC-licensed projects." (Doc. 41 at 12 (quoting *Sauk-Suiattle Indian Tribe*, 56 F.4th at 1185)). Yet Alabama Power—who bears the burden of establishing jurisdiction—does not

explain how state court application of FERC's requirements will "pose a serious threat to this federal interest." *See Adventure Outdoors, Inc.*, 552 F.3d at 1300; *Pressl*, 842 F.3d at 305; (doc. 41 at 12–13). And Alabama Power identifies no other factors that transform the issues in this case into a substantial federal issue.

* * *

A plaintiff is the master of his complaint and can avoid federal question jurisdiction by relying solely on state law causes of action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the removing party, Alabama Power bears the burden of establishing that the state law claim involves a disputed substantial federal question. *Adventure Outdoors, Inc.*, 552 F.3d at 1294. Jurisdiction under *Grable* is limited to a "special and small category" of cases. *AST & Sci. LLC*, 143 F.4th at 1252 (quotation marks omitted). Alabama Power failed to satisfy its burden of showing this case falls within that category.[3]

## III. CONCLUSION

For the reasons above, and those outlined in the court's order to show cause (doc. 40), Alabama Power has not satisfied its burden of establishing a disputed,

[3] Because the court concludes that this case does not "arise under" federal law, the court does not have exclusive jurisdiction under the Federal Power Act. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 380 & n.3 (2016) (holding that a court had jurisdiction under a statute using "[m]uch the same wording" as § 825p only where the "case meets the 'arising under' standard" set out in *Grable*).

substantial federal question under *Grable*. Accordingly, the court **WILL REMAND** this action to the Circuit Court of Jefferson County, Alabama

**DONE** and **ORDERED** this August 26, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE